UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

PAMELA GREEN,
Plaintiff,

v.

EDWIN W. WEBSTER, JR.
(in his individual capacity),
Defendant.

File No. 1:06-CV-96

RULING ON DEFENDANT WEBSTER'S MOTION TO AMEND ANSWER TO ASSERT SET-OFF
(Paper 17)

After Plaintiff's claims against Defendants Topnotch at Stowe, JLC Investments, Inc., and Jalob Holdings, Ltd. were settled and dismissed with prejudice, (Paper 13), Defendant Edwin W. Webster ("Webster") filed this motion seeking to amend his June 20, 2006 answer so as to plead set-off. Specifically, he wishes to preserve his "attempt to reduce any judgment against him should that ever occur" by the amount already paid to Plaintiff by the three settling Defendants. (Paper 17 at 2). Plaintiff objects on the grounds of futility, arguing "the damages obtained from the [settling Defendants] and the damages sought from Webster do not overlap." (Paper 19 at 5).

Fed. R. Civ. P. 15(a) specifies that "leave shall be freely given when justice so requires." Thus, "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive, . . . , undue prejudice to the opposing party

. . ., etc. -- the leave sought should, as the rules require, be 'freely given.'" Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234 (2d Cir. 1995) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Delay alone usually does not warrant denial of leave to amend. Id. at 234-35.

At this stage, the Court is unable to say that Webster's attempt to seek set-off is as "futile" as Plaintiff suggests. The complaint is broadly drafted such that at a minimum, the damages sought from Webster could partially coincide with any damages resulting from the actions of TopNotch at Stowe employee Richard E. Larabee. See, e.g., Complaint at ¶¶ 41, 45, and 76. Moreover, in the absence of bad faith and undue prejudice, and considering this case is still in its early stages, the Court finds that leave should be freely given.

Accordingly, Defendant's motion to amend answer to assert set-off, (Paper 17), is GRANTED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 28th day of December, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge